## Commonwealth v. Pock.

*Liquors—Seizure under search warrant—Evidence.*

A rule to show cause why members of State police should not be restrained from testifying will be discharged where the petition fails to set forth that the liquor seized belonged to petitioner or that he had any ownership or legal right of possession in the property seized.

Rule to restrain members of State police from testifying. Q. S. Northampton Co., Dec. Sess., 1926, No. 49.

*Francis E. Walter,* for rule.

*George W. Geiser, Jr.,* Assistant District Attorney, contra.

McKEEN, J., March 28, 1927.—This is a rule to show cause why members of the State police should not be restrained from testifying against Karl Pock, the above-named defendant. The rule was granted *sur* the petition of defendant upon the allegation that he was arrested for illegally possessing intoxicating liquors, and that a search warrant issued by the alderman was illegal. An answer was filed to the rule, admitting that defendant was arrested on a charge of illegally possessing intoxicating liquor, but averred, in addition, that he was also charged with illegal manufacture of intoxicating liquor. A copy of the search warrant was attached to the answer, which sets forth all the material averments necessary for the issuance of same. The following return appears on the back of the search warrant:

"Jan. 19, 1927. Pursuant to the within warrant, I made search at 3.30 o'clock P. M., Jan. 19, 1927, for the goods therein described at the place mentioned and found and seized the following, to wit: One 125-gallon still and coils. One 10-gallon keg partly full of liquor. One 5-gallon keg partly full of liquor. All to be held as evidence. Twenty-two barrels of mash destroyed. One 50-gallon keg or barrel of liquor destroyed. Which goods I have in custody.

"(Signed)  JOHN R. STEWART,
"State Policeman."

No depositions were taken in support of the rule, consequently the court must be guided by what appears in the petition and answer. The petitioner for the rule has urged the court that the search warrant is illegal for the reason that section 8 of the Act of March 27, 1923, provides: "No search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, boarding-house, warehouse or public garage." It cannot be disputed that before a search warrant should be issued all of the requirements of the act should be strictly complied with. The return made by the officers indicates that the premises were being used for business purposes, and the con-

Commonwealth v. Pock.

traband material seized by the officers justified the issuance of the search warrant. For the purposes of the rule, however, the legality or illegality of the issuance of the search warrant is immaterial, for the reason that there is no averment in the petition that the petitioner was in possession of the premises searched, or that he had any ownership or legal right of possession in the property seized and set forth in the return to the search warrant, consequently the prayer of his petition cannot be sustained. In Com. v. Johnson, 7 D. & C. 435, Judge Williams held: "A petition in the Court of Quarter Sessions to restrain the use of liquor alleged to have been wrongfully seized as evidence is fatally defective if it fails to allege that the liquor seized belonged to the petitioner or that the seizure in any way adversely affected petitioner's interest."

And now, March 28, 1927, rule to show cause why State Policemen Huffman and Stewart should not be restrained from testifying against petitioner is discharged.

From Henry D. Maxwell, Easton, Pa.